UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT STEVENS,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 02-6139 AJW<br><br>ORDER GRANTING PETITION<br>FOR ATTORNEYS' FEES<br>42 U.S.C. § 406(b) |

Plaintiff's counsel Steven G. Rosales ("petitioner") has filed a petition for attorney's fees under 42 U.S.C. § 406(b) (the "Petition") in the total amount of fourteen thousand, four hundred ninety-one dollars and five cents ($14,491.05). Plaintiff previously was awarded the sum of three thousand dollars ($3,000.00) pursuant to the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d). [Order filed June 13, 2003]. Defendant has not filed any opposition or response to the petition.

**Proceedings**

Pursuant to a stipulated order and judgment, this case was remanded to defendant for further administrative proceedings, culminating in an award to plaintiff of social security disability benefits, including a past-due benefits award in the amount of $57,964.20. [Declaration of Steven G. Rosales ("Rosales Decl.") attached to Petition, Ex. 3]. Defendant

withheld 25% of that amount, or $14,491.05, for the payment of attorneys' fees. Petitioner moves for an order awarding him that amount and directing him to reimburse plaintiff $3,000 for the EAJA fees previously awarded.[1]

**Discussion**

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793. The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793. While courts review fee agreements as an

---

[1] If attorneys' fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S.789, 789 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

1  "independent check, to assure that they yield reasonable results in particular cases," lawful
2  contingent-fee agreements are "the primary means by which fees are set" for the successful
3  representation of social security disability claimants in court.  Gisbrecht, 535 U.S. at
4  807(emphasis added); see Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) ("Gisbrecht
5  held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement
6  under § 406(b).... As long as the agreement does not call for a fee above the statutory ceiling
7  of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs
8  a court to review the agreement for reasonableness.")(internal citations omitted).

9        Plaintiff retained petitioner to represent him in federal court in his social security
10 disability case, and plaintiff agreed to pay petitioner a contingent fee in an amount equal to
11 25% of any past-due benefits award obtained. [See Rosales Decl. at 22 & Ex. 1].  Under
12 Gisbrecht, the court examines a lawful contingent fee agreement only to assure that the
13 enforcement of that agreement is not unreasonable.  The court may consider factors such as the
14 character of the representation, the results achieved, the ratio between the amount of any
15 benefits award and the time expended, any undue delay attributable to counsel that caused an
16 accumulation of back benefits, and whether the requested fee award would constitute a
17 "windfall" to the attorney.  See Gisbrecht, 535 U.S. at 808; Mudd, 418 F.3d at 428; see, e.g.,
18 Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding section 406(b)
19 fees post-Gisbrecht where (1) counsel sought less than the maximum 25% contingent fee
20 allowed by law; (2) counsel "faced a substantial risk of loss" because the plaintiff alleged a
21 variety of impairments that "were not susceptible to clear and straightforward forms of proof,
22 and some of which involved lengthy and complicated medical histories"; (3) "Congress has
23 indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going
24 uncompensated for representing Social Security claimants" ; (4)  the value of the benefits award
25 to the plaintiff was "substantially more than the past-due benefits on which the fee is based"
26 because the plaintiff also received ongoing disability benefits; and (5) counsel devoted
27 "considerable time and careful attention" to the case; and (6) "[p]etitioner's challenge to the
28

ALJ's determination at step five was central to the court's decision to remand the case to the Commissioner") (citations omitted).

In this case, several factors weigh in favor of granting petitioner's fee request. First, petitioner is an experienced social security disability lawyer who obtained a favorable result for his client in the form of a stipulated remand for further proceedings, which in turn led to an award of benefits. [Rosales Decl. at 22 & Ex. 3].

Second, petitioner's requested § 406(b) fee does not exceed the maximum 25% contingent fee authorized by law and by petitioner's fee agreement with plaintiff. With the offset of $3,000 provided by the EAJA award, an amount equal to about 20% of plaintiff's past-due benefits award actually will be consumed by the payment of attorneys' fees. [See Petition at 1; Rosales Decl. at 22 & Ex. 3].

Third, this case carried with it the risk of loss inherent in social security disability contingent-fee cases. If petitioner had not succeeded in obtaining a decision in his client's favor, he would have recovered no fee. See Hearn, 262 F.Supp.2d at 1037 (taking into account the contingent nature of a§ 406(b) fee award and noting that the plaintiff's counsel "agreed to a contingency fee arrangement in which he assumed the risk of receiving nothing for his time and effort if plaintiff was unsuccessful").

Fourth, there is no evidence in the record that petitioner unduly delayed the resolution of this case or engaged in any overreaching. To the contrary, this case was resolved by stipulation in a relatively expeditious fashion.

Fifth, petitioner spent 19.8 hours in attorney time and 3.6 hours of paralegal time bringing this case to a successful resolution in district court, a figure that is within the norm for social security disability cases. See Patterson v. Apfel, 99 F. Supp.2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases); see also Coppett v. Barnhart, 242 F.Supp.2d 1380, 1384-85 (S.D. Ga. 2002) (concluding that the petitioner's "skill and experience in handling social security cases further shows the reasonableness of the fee he is seeking," and noting that "an experienced attorney 'should not be penalized for his efficiency by basing his reimbursement on a lower

1 hourly rate.'")(quoting Lacatena v. Secretary of Health & Human Services, 785 F.Supp. 319, 2 322 (N.D.N.Y.1992)).

3 Finally, while granting petitioner's fee request would result in a de facto hourly rate of 4 around $700 per hour of attorney's time, that amount is not so large that it constitutes an 5 impermissible windfall. See Hearn, 262 F. Supp. 2d at 1037-38 (observing that district courts 6 post-Gisbrecht "generally have been deferential to the terms of contingency fee contracts in § 7 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non 8 contingency-fee arrangements") (collecting post-Gisbrecht section 406(b)cases awarding de 9 facto hourly rates ranging from a low of about $188 to a high of about $695, and approving a 10 contingent fee that amounted to a de facto hourly rate of about $450); e.g., Mudd, 418 F.3d 11 at 428-429 (affirming a § 406(b) fee award of 25% of the claimant's past-due benefits that 12 produced a de facto hourly rate of $736.84); Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 13 (S.D.W.Va. 2003) (approving a contingency fee agreement that yielded a de facto hourly rate 14 of $1,433, and rejecting as inconsistent with Gisbrecht the argument that the court should 15 determine a reasonable hourly rate and multiply it by the number of hours spent); Brown v. 16 Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (holding that a § 406(b) contingent 17 fee that amounted to an hourly rate of $1407.00 constituted a windfall to the attorney and 18 must be reduced, but that an award providing a de facto hourly rate of $977.00 was reasonable 19 in view of the results obtained, the contingent nature of the fee, counsel's experience, and the 20 fact that "counsel spent significant time before the agency that cannot be compensated in this 21 forum").

22 ///
23 ///
24 ///
25
26
27
28

**Conclusion**

For the reasons described above, the fee petition is **granted**, and petitioner is awarded attorneys' fees under section 406(b) in the total amount of **fourteen thousand, four hundred ninety-one dollars and five cents ($14,491.05)**. To offset the prior EAJA fee award, petitioner is ordered to refund to plaintiff the sum of **three thousand dollars ($3,000)** within **twenty-one (21) days** of receipt by petitioner of his section 406(b) fees.

**IT IS SO ORDERED.**

DATED: January 24, 2006

                                                          /s/
                                        ANDREW J. WISTRICH
                                        United States Magistrate Judge